UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brazil M. Lee,

                Plaintiff,                Civil Action 2:11-cv-01149

    v.

Michael J. Astrue, Commissioner        Judge Michael H. Watson
of Social Security,

                Defendant.

## ORDER

This matter is before the Court on plaintiff Brazil M. Lee's objections to Magistrate Judge Abel's Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Brazil M. Lee is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues the administrative law judge failed to properly define "moderate limitations." Specifically, Plaintiff maintains the administrative law judge's attempts to define "moderate" were fundamentally inconsistent. She contends the administrative law judge only viewed limitations as either disabling

or not disabling. Under such a view, a claimant's moderate impairments cannot fairly be reflected in a hypothetical question. Plaintiff argues based on the confused attempts by the administrative law judge to define moderate, there is no way to know what standard the vocational expert believed was the operative definition when he answered the question.

Plaintiff also argues the administrative law judge erred by not recognizing Raynaud's phenomenon as a severe impairment. At the hearing, plaintiff testified to worsening symptoms related to Raynaud's phenomenon, which limited her daily activities. Plaintiff maintains that the administrative law judge relied on old evidence and minimized more recent evidence. Plaintiff, who was limited to a range of sit-down jobs, cannot perform repetitive actions such as handling, grasping, and fingering, and says the administrative law judge's refusal to acknowledge her limitations with respect to her hands constitutes reversible error.

Discussion. The administrative law judge adequately distinguished between slight, moderate and marked limitations when posing her hypothetical question to the vocational expert. At the hearing, the administrative law judge stated, "moderate means that she could be doing repetitive tasks for at least up to a third of the workday or more. . . . I think that's how Social Security defines it." (R. 109.) She further elaborated by saying that an individual with moderate limitations would still be able to function satisfactorily. There is no indication in the record that the vocational expert was confused by the administrative law

judge's definition of moderate limitations, and he provided testimony regarding the number of jobs that plaintiff could perform based on that definition. Notably, plaintiff's counsel failed to object to the definition articulated by the administrative law judge or seek clarification on the vocational expert's understanding of the definition at the hearing.

The administrative law judge properly considered plaintiff's allegations concerning Raynaud's phenomenon when formulating a residual functional capacity. In particular, the administrative law judge acknowledged that plaintiff testified that she had suffered constant weakness and numbness in her hands; however, the administrative law judge also considered other substantial evidence in the record that contradicted her allegations. In May 2006, plaintiff reported to her treatment provider that she had numbness in her fingers when she had Raynaud's phenomenon, but she otherwise denied weakness, numbness or tingling. An examining physician observed that plaintiff had good capillary refill in her hands, and a treating physician noted that her ability to do fine and gross manipulation was "ok". Moreover, the medical expert testified that there was no objective medical evidence in the record confirming the diagnosis of Raynaud's phenomenon. The administrative law judge relied on substantial evidence in the record to determine that plaintiff's alleged impairment did not impact plaintiff's ability to work.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**